IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARRYL O'KEITH WHITE, | ) | |
| ID # 1267914, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:06-CV-0849-H (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Petitioner, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions for injury to a child in Cause No. F-0023585-T (injury offense) and for indecency with a child in Cause No. F-0448565-T (indecency offense). Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

### B. Procedural and Factual History

In August 2000, the State indicted petitioner for intentionally and knowingly causing serious bodily injury to a child younger than fourteen years of age by exposing the child to hot water.[1] *See*

---

[1] According to petitioner, he accidently placed the child in a hot bath due to confusion caused by medication and a

S.H. Tr.-02[2] at 40. On April 13, 2001, petitioner pled guilty to that charge, judicially confessed to committing the offense as alleged in the indictment, and was placed on ten years deferred adjudication probation. *See id.* at 42, 45-47. Because petitioner bargained for and received an agreed sentence, his guilty plea waived his right to appeal "any matter in the case unless the Court grant[ed] permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea." *Id.* at 45. The plea agreement further informed petitioner that "[i]f guilt is adjudicated, no appeal may be taken from the Court's decision, and the full range of punishment is open to the Court." *Id.* at 45. The State thereafter moved to adjudicate guilt because petitioner violated conditions of his probation. *Id.* at 42. Petitioner pled true to the alleged violations, and received a fifteen-year sentence of imprisonment on October 29, 2004. *Id.* at 43.

On that same date, petitioner pled guilty to indecency with a child and received a fifteen year sentence in accordance with the plea agreement entered therein. *See* S.H. Tr.-01 at 40, 43-44. Such plea waived his right to appeal in the same manner as the guilty plea to his injury offense. *Compare id.* at 43 *with* S.H. Tr.-02 at 45. As part of the plea, petitioner consented to a stipulation of evidence and judicially confessed that he "unlawfully, intentionally and knowingly engage[d] in sexual contact" with a child younger than seventeen years of age by touching her breasts with his hand "with intent to arouse and gratify [his] sexual desire." S.H. Tr.-01 at 45.

Petitioner attempted to file an appeal *pro se*, but the trial court refused to accept his proffered notice of appeal because he had waived the right to appeal. (Pet. Writ of Habeas Corpus (Pet.) at

---

number of other children playing and laughing. S.H. Tr.-02 at 16-17. He claims that he immediately removed the child from the water when he realized it was too hot, but the water had already blistered her feet. *Id.* at 17.

[2] "S.H. Tr.-02" denotes the state habeas records attached to *Ex parte White*, No. 62,724-02, slip op. (Tex. Crim. App. Mar. 22, 2006). The Court will use "S.H. Tr.-01" to denote the state habeas records attached to *Ex parte White*, No. 62,724-01, slip op. (Tex. Crim. App. Aug. 31, 2005).

3; Ex. E5 attached to Pet.)  Consequently, petitioner appealed neither conviction nor his placement on deferred adjudication probation.  (Pet. at 3); S.H. Tr.-01 at 3; S.H. Tr.-02 at 3.  On May 4, 2005, petitioner filed a state application for writ of habeas corpus for each of his convictions.  *See* S.H. Tr.-01 at 2; S.H. Tr.-02 at 2.  Within a couple of weeks, the State filed responses to both applications. *See* S.H. Tr.-01 at 22-27; S.H. Tr.-02 at 27-32.  Later in 2005, the trial court entered findings of fact and conclusions of law regarding petitioner's two state habeas applications.  *See* S.H. Tr.-01 at 28-32 (indecency offense); S.H. Tr.-02 at 33-36 (injury offense).  The Court of Criminal Appeals denied both applications without written order on findings of the trial court without a hearing.  *See Ex parte White*, No. 62,724-02, slip op. at 1 (Tex. Crim. App. Mar. 22, 2006); *Ex parte White*, No. 62,724-01, slip op. at 1 (Tex. Crim. App. Aug. 31, 2005).

On May 5, 2006, petitioner filed the instant petition for federal habeas relief.  (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).  Respondent thereafter filed an answer and provided court records for both convictions.  (Resp.'s Answer [hereinafter Answer].) Petitioner subsequently filed a reply to that answer.  (*See* Petr.'s Answer [hereinafter Reply].)  On or about April 15, 2008, petitioner filed a "Motion for Judgement for Acquittal" based upon federal cases involving motions for judgment of acquittal under Fed. R. Crim. P. 29.  (*See* Mot. J. Acquittal at 1-3.)

## C.  Substantive Issues

In his petition, petitioner claims that he is being held unlawfully due to: (1) involuntary pleas/ineffective assistance of counsel (both convictions); (2) improper revocation of probation

(injury offense only); (3) illegal sentences (both convictions);[3] and (4) insufficient evidence supports his convictions (both convictions).[4]  (Pet. at 7-8.)  In pages attached to the petition, petitioner asserts two additional claims concerning both convictions:  (5) actual innocence and (6) trial court improperly denied him an appeal.  (Pet. at attached pages.)

## D.  Procedural Issues

Respondent contends that Claims 2, 4, and 6 are procedurally barred and Claim 5 is not cognizable on federal habeas review.  (Answer at 15-17, 19-22.)  He also contends that all claims concerning petitioner's indecency offense and Claims 1, 4, and 5 related to the guilt phase of the injury offense are untimely.  (*Id.* at 4-6.)  Despite these procedural issues, respondent also addresses the claims on the merits to some extent.  (*See generally id.* at 1-25.)  In response to the answer, petitioner concedes that he may have raised some claims improperly in this action, but argues that the Court should find none of his claims time-barred because the limitations period on his injury case should commence on October 29, 2004, and because petitioner was confused by the misidentification of the State's responses.[5]  (Reply at 2-7.)

---

[3] The petition is unclear as to whether petitioner asserts this claim against one or both convictions.  Respondent's answer addresses the claim for both convictions as a claim of insufficiency of the evidence to support convictions and as an actual claim of illegal sentence.  (Answer at 15-19.)  Petitioner, furthermore, asserted a similarly vague claim of illegal sentence in both of his state habeas applications.  *See* S.H. Tr.-01 at 8; S.H. Tr.-02 at 8, 14-15.  To the extent that petitioner challenges the sufficiency of the evidence within his illegal sentence claim, the Court considers it as part of Claim 4.

[4] Petitioner actually claims that "no evidence" supports his convictions.  (Pet. at 8.)  A claim that "no evidence" supports a conviction is the same as a challenge to the legal sufficiency of the evidence.  *See Haley v. Cockrell*, 306 F.3d 257, 266-67 (5th Cir. 2002) (noting that a claim of "no evidence" is the same as a claim of insufficiency of the evidence), *vacated on other grounds*, 541 U.S. 386 (2004); *United States v. Jackson*, 86 Fed. App'x 722, 722 (5th Cir. 2004) (per curiam) (applying insufficiency-of-the-evidence analysis to claim of "no evidence").

[5] Because the State identified the two responses with the wrong writ number, the response to the application involving the indecency offense is found within the habeas record for the injury offense and vice versa.  *Compare* S.H. Tr.-01 at 22-27 *with* S.H. Tr.-02 at 27-32.  The findings of the trial court reflect no confusion due to this misidentification.  *See* S.H. Tr.-01 at 28-32; S.H. Tr.-02 at 33-36.

## II.  ALLEGED NON-COGNIZABLE CLAIM

Respondent argues that petitioner's claim of actual innocence (Claim 5) is not cognizable on federal habeas review.  (Answer at 20.)

Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  The courts entertain federal petitions under § 2254 only on grounds that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).  Because petitioner is undoubtedly in custody pursuant to a judgment of a State court, the Court must determine whether petitioner's actual-innocence claim alleges a violation of the Constitution or laws or treaties of the United States.

With respect to whether a petitioner may obtain federal habeas relief on a claim of actual innocence, the Fifth Circuit Court of Appeals has recognized *Townsend v. Sain*, 372 U.S. 293 (1963) as the unequivocal position of the United States Supreme Court on the matter.  *See Boyd v. Puckett*, 905 F.2d 895, 896 (5th Cir. 1990); *Armstead v. Maggio*, 720 F.2d 894, 896 (5th Cir. 1983) (per curiam).  In *Townsend*, the Court held that "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." 372 U.S. at 317, *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992).  In the Fifth Circuit, actual innocence is not an independent basis for federal habeas relief.  *E.g., Graham v. Johnson*, 168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998); *Jacobs v. Scott*, 31 F.3d 1319, 1324 (5th Cir. 1994).  A stand-alone claim of actual innocence is not cognizable on federal habeas review.  *See Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006), *cert. denied*, 127

S. Ct. 2099 (2007).

Petitioner, moreover, has not established that he is actually innocent. The Supreme Court has held that to show actual innocence, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has not met this standard. Petitioner pled guilty in both cases now before the Court. To show his innocence with respect to the indecency offense, petitioner provides telephone records for January 2004 and a letter from the Texas Department of Family and Protective Services that purports to exonerate him regarding allegations of abuse or neglect of one or more children in a report dated February 24, 2004. (*See* Exs. E3 and E4 attached to Pet.) However, neither of those documents satisfy the *Schlup* standard. Contrary to petitioner's arguments, the telephone records do not preclude the commission of the indecency offense. Petitioner could have been using the phone at the same time he was touching the child's breasts with his hands. Neither the telephone records nor the letter (assuming the letter even relates to the indecency charges), provide a sufficient basis to find that it is more likely than not that no reasonable juror would have convicted him.

Petitioner has provided no new evidence which exonerates him. Because actual innocence based upon new evidence relevant to the guilt of a state prisoner is not cognizable on federal habeas corpus, and petitioner has not shown himself to be actually innocent in any event, Claim 5 entitles him to no federal habeas relief.

## III.  PROCEDURAL BAR

Respondent asserts that Petitioner has procedurally defaulted Claims 2, 4, and 6 by failing to properly present them to the Texas Court of Criminal Appeals.  (*See* Answer at 15-17, 21-22.)

In general, federal courts may not review a state court decision that rests on an adequate and independent state procedural default unless the habeas petitioner shows "cause" for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice."  *Harris v. Reed*, 489 U.S. 255, 262 (1989).  When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review.  *See id.*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).  Furthermore, when a claim has not been reviewed by the state's highest court, this Court may find such claim procedurally barred.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claims procedurally barred.  *Id.*

To present a claim to the highest state court means that the petitioner has fairly presented such claim to the correct court in a procedurally proper manner.  *See Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  One does not fairly present the substance of a particular claim by raising a claim based upon a different legal theory.  *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).  "It is not enough that all the facts necessary to support the . . . claim were before the state courts or that a somewhat similar state-law claim was made."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted).  When a petitioner raises a claim on federal habeas review based upon a legal theory

distinct from the theory relied upon in the state court, he has not properly presented the federal claim to the state courts. *See Wilder*, 274 F.3d at 259.

To find that Claims 2, 4, and 6 are procedurally barred from federal habeas review, the Court must find the following: that petitioner procedurally defaulted such claims; the state court either relied upon such default or would do so if the claim were now presented to it; and petitioner has not overcome the procedural bar by showing cause for and prejudice from such default, or by demonstrating that application of bar will result in a fundamental miscarriage of justice. Due to material differences between the three claims, the Court separately considers them.

## A.  Claim 2 (Improper Revocation)

Respondent urges the Court to find Claim 2 procedurally barred because petitioner failed to raise it on direct appeal. (Answer at 21-22.)  The habeas court considered the claim to be a challenge to the sufficiency of the evidence, and found that such challenge was not properly presented through the state habeas process.  S.H. Tr.-02 at 35.  The Court of Criminal Appeals denied the state application on the findings of the trial court. *Ex parte White*, No. 62,724-02, slip op. at 1 (Tex. Crim. App. Mar. 22, 2006).

Although the state habeas court expressly applied a procedural bar with respect to petitioner's claim of improper revocation, the Court of Criminal Appeals has subsequently held that the sufficiency of the evidence to support the revocation of a state prisoner's deferred adjudication probation is cognizable in a habeas proceeding. *See Ex parte Carmona*, 185 S.W.3d 492, 495-96 (Tex. Crim. App. 2006).  Consequently, the Court may find Claim 2 not procedurally barred, and consider the claim on its merits. *See Player v. Quarterman*, No. 3:05-CV-2119-N, 2006 WL 2601678, at *3 (N.D. Tex. Sept. 11, 2006) (accepting findings, conclusions, and recommendation of Mag. J.).

Additionally, to the extent the bar applies in this case despite *Ex parte Carmona*, the Court may bypass the procedural bar issue when the petitioner is entitled to no habeas relief on the merits of the defaulted claim. *See* 28 U.S.C. § 2254(b)(2) (providing that the Court may deny a habeas petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2)] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'"); *Braswell v. Dretke*, No. 3:02-CV-0342-M, 2004 WL 2583605, at *4 (N.D. Tex. Nov. 12, 2004) (findings, conclusions, and recommendation which recognizes that "the district courts may deny habeas relief for procedurally defaulted claims" in lieu of deciding the issue of procedural bar), *accepted by* 2005 WL 1058865 (N.D. Tex. May 2, 2005). In this instance, as discussed *infra*, Claim 2 lacks merit. Therefore, the Court may properly bypass the procedural bar issue with respect to such claim even if the bar still applies in this case.

For the foregoing reasons, the Court will not apply a procedural bar to Claim 2 so as to truncate merits review of the claim.

## B. Claim 4 (Sufficiency of the Evidence)

Respondent also urges the Court to find Claim 4 procedurally barred for petitioner's failure to raise it on direct appeal. (Answer at 15-17, 19-20.) In his petition, petitioner states that he tried to file a direct appeal but the trial court would not permit it. (Pet. at 3, Ex, E5.) In addition, although petitioner provides no specific reason in his reply brief for the failure to present the claim on appeal, his reply seems to suggest that his attorney on the indecency case failed to file a notice of appeal despite a request to do so. (*See* Reply at 6.)

A review of the claims petitioner raised in state court reveals that he did not fairly raise Claim 4 to the Texas Court of Criminal Appeals in a procedurally proper manner. Petitioner did not

challenge the legal sufficiency of the evidence to support his convictions on direct appeal. Such failure constitutes a procedural default under Texas law that may bar this Court from reviewing the claim on federal habeas review. *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

Petitioner did not cure the procedural default by presenting his legal sufficiency claims to the Texas Court of Criminal Appeals in his state applications for writ of habeas corpus. Under Texas law, it has long been held that challenges to the sufficiency of the evidence of a conviction must be raised on direct appeal. *See Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) (holding evidentiary sufficiency claims not cognizable in post-conviction, collateral attack); *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996) (recognizing the long-standing legal principle under Texas law). Moreover, when the Texas Court of Criminal Appeals denied petitioner's state applications for writ of habeas corpus without written order, it implicitly denied the sufficiency claims on the procedural basis that such claims are not cognizable on state habeas review. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).

In this instance, petitioner has procedurally defaulted his legal-sufficiency-of-the-evidence claims under Texas law. Such default constitutes an adequate and independent state procedural ground to bar federal habeas review. When a defendant fails to properly exhaust insufficiency-of-the-evidence claims, the Court may find the claims procedurally barred if the "time to file a petition for discretionary review has expired." *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002) (citing Tex. R. App. P. 68.2), *vacated on other grounds*, 541 U.S. 386 (2004). Petitioner cannot now present the claim in a petition for discretionary review because the time for doing so has passed. Further, he cannot present the claim in another state writ because such presentation is not proper under state law. Consequently, the Court may find the claim procedurally barred unless petitioner overcomes the bar by showing cause and prejudice or a fundamental miscarriage of justice. *See Smith v. Johnson*, 216 F.3d 521, 524(5th Cir. 2000).

As already discussed, petitioner has not shown himself to be actually innocent of the crimes for which he was convicted and therefore cannot show that a fundamental miscarriage of justice will

result from a failure to consider Claim 4.

In addition, petitioner has shown no cause for failing to raise his sufficiency claims to the Court of Criminal Appeals. While his reply suggests that ineffective assistance of appellate counsel may have caused the default in the indecency case, he claims generally in his petition that the trial court improperly prevented him from pursuing a direct appeal. The trial court's actions do not constitute cause because petitioner has not shown that the appeal proffered to the trial court raised a challenge to the sufficiency of the evidence. Without such showing, the Court has no basis to conclude that the actions of the trial court prevented petitioner from challenging the sufficiency of the evidence on appeal.

Furthermore, the conclusory suggestion of ineffective assistance in petitioner's reply brief does not demonstrate cause for the default. Based upon his negotiated guilty pleas, petitioner could not file an appeal to challenge the sufficiency of the evidence to support his convictions without court approval under Texas law. *See* Tex. R. App. P. 25.2(a). Petitioner provides documentation which shows that the trial court was not inclined to grant permission for an appeal, (*see* Ex. E5), and affirmatively states that the trial court prevented him from filing an appeal. That counsel did not challenge the sufficiency of the evidence on direct appeal in such circumstances does not constitute deficient representation. Petitioner has presented nothing for either of his cases to show that, in light of his negotiated guilty pleas, the trial court would have granted him permission to appeal the sufficiency of the evidence to support the convictions. Had counsel filed such an appellate challenge without permission from the trial court, the court of appeals would have dismissed the appeal "without further action." *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc).

Even assuming for purposes of this recommendation that the trial court's actions in preventing petitioner from pursuing an appeal constitutes cause, petitioner has shown no prejudice resulting from the failure to challenge the sufficiency of the evidence on direct appeal. Because it

is well-settled that a voluntary[6] guilty plea waives the right to demand any evidence to sustain a conviction, *see United States v. Broce*, 488 U.S. 563, 569 (1989); *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986), the sufficiency claims would have necessarily failed on appeal.

For all of these reasons, the Court finds Claim 4 procedurally barred from federal habeas review.

## C. Claim 6 (Improper Denial of Appeal)

Respondent urges the Court to find Claim 6 procedurally barred because petitioner did not present it in his habeas application to the Texas Court of Criminal Appeals. (Answer at 22-25.)

A review of the claims petitioner raised in state court reveals that he did not raise Claim 6 to the Texas Court of Criminal Appeals at any point in the state review processes. *See* S.H. Tr.-01 at 7-8, 11-15 (identifying state habeas claims raised in indecency case); S.H. Tr.-02 at 7-8, 11-18 (identifying state habeas claims raised in injury to a child case). The failure to present Claim 6 to the highest court in Texas constitutes a procedural default that could bar this Court from considering such claim on federal habeas review. *See In re Bagwell*, 401 F.3d 312, 315 (5th Cir. 2005); *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004).

Were this Court to require petitioner to present Claim 6 to the Texas Court of Criminal Appeals, the claim would be subject to dismissal under the Texas abuse-of-the-writ doctrine, Tex. Code Crim. Pro. Ann. art. 11.07, § 4.[7] That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (footnote omitted). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied since 1994." *Smith v. Johnson*, 216

---

[6] As discussed *infra*, petitioner voluntarily entered his pleas.

[7] Texas also has an abuse of writ doctrine specifically applicable to capital cases. *See* Tex. Code Crim. P. Ann. art. 11.071, § 5(a). No material difference exists between the rules or their analysis. *Emery v. Johnson*, 139 F.3d 191, 195 n.3 (5th Cir. 1997). The Court may thus freely cite to either capital or non-capital cases that address the abuse of writ doctrine.

F.3d 521, 523 (5th Cir. 2000). When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law." *Id.* Consequently, unless petitioner can overcome the procedural bar, Claim 6 will not be further considered.

As already mentioned, to overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice. *Id.* at 524. Petitioner has not shown himself to be actually innocent of the crimes for which he was convicted and therefore cannot show that a fundamental miscarriage of justice will result from a failure to consider Claim 6. In addition, petitioner has shown no cause for failing to raise the claim to the Court of Criminal Appeals. Because petitioner failed to present the claim in his *pro se* state writ, he cannot demonstrate cause for the default by asserting that his attorney should have presented the claim.

For the foregoing reasons, petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Claim 6.

## IV. STATUTE OF LIMITATIONS

Respondent contends that all claims concerning petitioner's indecency conviction and Claims 1, 4, and 5 related to the guilt phase of the injury offense are untimely. (Answer at 4-6.) Petitioner argues that the Court should find none of his claims time-barred. (Reply at 3-4.) Because Claims 4 is procedurally barred from federal habeas review and Claim 5 is not cognizable in this § 2254 action, the Court need only address the timeliness of Claim 1 as it pertains to both convictions and of Claim 3 as it relates to petitioner's indecency offense. Despite respondent's reliance on the one-year statute of limitations of 28 U.S.C. § 2254, however, the Court may appropriately bypass the limitations issue and proceed directly to the merits of petitioner's claims when the claims lack merit.

As already noted, the voluntariness of the guilty pleas impact the procedural bar analysis for petitioner's sufficiency claims. Second, the State's misidentification of the writ number on its responses to petitioner's state applications for writ of habeas corpus purportedly confused petitioner,

especially in conjunction with other information relayed to petitioner.[8] Third, respondent relies on *Caldwell v. Dretke*, 429 F.3d 521 (5th Cir. 2005) for finding the claims related to petitioner's injury offense untimely when the Supreme Court has issued a decision in *Burton v. Stewart*, 549 U.S. 147 (2007) that arguably impacts the definition of judgment utilized in *Caldwell*.[9] In addition, as is always the case, § 2254's one-year limitations period is not jurisdictional, *see Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), and thus not preclude merits consideration. For these reasons, the Court proceeds to the merits of Claims 1 and 3 for both offenses.

## V. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[8] In November 2005, petitioner inquired as to the status of his pending state habeas application, and was told that the Court of Criminal Appeals had received his writ on August 3, 2005; denied it on August 31, 2005; and that as of November 21, 2005, there was "no record of any other case before this court". (*See* Nov. 2005 Letter and Response contained within state court record.) In February 2006, petitioner again inquired as to the status of his pending habeas application, and was informed that the application was received on November 30, 2005, and remained pending. (*See* Feb. 2006 Letter and Response contained within state court record.) The letter also expressed concern regarding how the misidentification of the State's responses to his writs may impact decisions of the court. (*See* Feb. 2006 Letter.)

[9] Until the Supreme Court or an en banc panel of the Fifth Circuit issues an opinion directly contrary to *Caldwell*, it remains law in this circuit, and Petitioner's injury offense claims are untimely on that basis. Nevertheless, the Court also addresses the merits of the claims.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

In this case, the denial of petitioner's state writs constitute adjudications on the merits of Claim 1 for both offenses. The AEDPA standards enumerated in 28 U.S.C. § 2254(d) thus apply to that extent. Such standards appear inapplicable to Claims 2 and 3 because the habeas court's decisions were based upon procedural rulings. "Review is *de novo* when there has been no clear adjudication on the merits." *Miller*, 200 F.3d at 281 n.4 (citing *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997)).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they

were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Because petitioner challenges two convictions, the Court will consider each conviction separately.

## VI. CONVICTION FOR INJURY TO A CHILD

Petitioner has three remaining claims concerning his injury offense. He claims that his plea was rendered involuntary due to ineffective assistance of counsel (Claim 1), his probation was improperly revoked (Claim 2), and his sentence is illegal (Claim 3).

### A. Involuntary Plea/Ineffective Assistance of Counsel

Petitioner asserts that his guilty plea was involuntary because his attorney rendered ineffective assistance when he gave him erroneous advice and failed to discuss the conditions of the probation that would be entered upon his plea of guilty. (Pet. at 7.)

Guilty pleas are "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-771 (1970)). With respect to such pleas, "[c]ounsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). However, once a criminal defendant enters a knowing, intelligent, and voluntary guilty plea, all non-jurisdictional defects in the proceedings below are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to

the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

To successfully state a claim of ineffective assistance of counsel under existing precedent of the United States Supreme Court, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a petitioner alleges he was denied effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). "[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Petitioner in this case raised his claims of involuntary plea and ineffective assistance of coun-

sel in his state application for writ of habeas corpus. *See* S.H. Tr.-02 at 7, 11-12. Before considering the intertwined claims, the state trial court requested that petitioner's former attorney provide an affidavit to respond to petitioner's allegations. *Id.* at 35. The attorney submitted an affidavit in which he averred in pertinent part that petitioner "was fully aware of what was required of him before he did his plea." *Id.* at 38. Counsel characterized petitioner's claim regarding his lack of knowledge of the conditions of probation as "completely false." *Id.* The trial court found counsel "trustworthy" and the statements in his affidavit "worthy of belief." *See id.* at 35. It further found that petitioner had not shown that his plea was rendered involuntary due to ineffective assistance of counsel. *See id.* The Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus on the findings of the trial court. *See Ex parte White*, No. 62,724-02, slip op. at 1 (Tex. Crim. App. Mar. 22, 2006).

In this instance, petitioner claims his attorney rendered ineffective assistance in two related respects – giving erroneous advice and failing to discuss conditions of probation. (Pet. at 7.) He asserts that he knew nothing about the conditions of probation until after signing the plea. (*Id.*) However, his attorney's affidavit shows that petitioner was adequately apprised of the conditions of probation. S.H. Tr.-02 at 38. The trial court found the attorney credible. *Id.* at 35. The credibility finding is presumed correct unless petitioner rebuts it with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner has not shown clear and convincing evidence which overcomes that presumption. Nor has he overcome the strong presumption that counsel's conduct falls within the wide range of reasonable assistance. The Court thus finds that counsel did not render deficient representation related to advising petitioner to plead guilty and advising him of the conditions of probation.

Attorneys, moreover, do not render deficient representation when they fail to advise their clients of collateral consequences of their pleas. *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). When advising a client to plead guilty, defense attorneys must advise the "client of the direct consequences of a guilty plea" but not indirect, collateral consequences. *Id.* In the Fifth Circuit,

"the direct consequences of a defendant's plea are the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). Petitioner makes no claim that he was not aware of the direct consequences of his guilty plea with respect to his injury offense. He has shown no deficiency of counsel relating to the advice given or his awareness of the conditions of probation. Consequently, this claim fails.

Furthermore, petitioner has not shown a reasonable probability that, but for any error of counsel, he would have pleaded not guilty and insisted on going to trial. He has thus not shown the alleged deficiencies of counsel to have prejudiced him within the meaning of *Strickland*.

Because petitioner has shown neither a deficiency with respect to counsel's advice to plead guilty to the charge nor prejudice from any error of counsel this claim entitles petitioner to no habeas relief and does not render his plea involuntary.

## B. Improper Revocation

In Claim 2, petitioner asserts that the State revoked his probation on "hersay"[10] without any evidentiary support. (*See* Pet. at 7.) Petitioner, however, pled true to the alleged probation violations. *See* S.H. Tr.-02 at 43. He does not challenge the voluntariness of his plea of true.[11] By pleading true to the alleged probation violations, petitioner conceded that he "violated terms of his probation that can be used to revoke his probation." *See Whitten v. Cockrell*, No. 3:01-CV-1487-D, 2003 WL 21509163, at *8 (N.D. Tex. Apr. 11, 2003) (findings, conclusions, and recommendation of Mag. J. accepted by District Court). Petitioner's voluntary plea of true removed the State's obligation to present evidence to support the alleged probation violations. *See Henley v. Quarterman*,

---

[10] Petitioner uses "hersay" instead of "hearsay" because he views the indecency offense as a "he said, she said" case.

[11] Courts in this district have found that a plea of true to revocation allegations must be entered voluntarily and intelligently in the same manner as a plea of guilty to criminal charges. *See Derringer v. Quarterman*, No. 3:06-1471-M, 2007 WL 604002, at *2-3 (N.D. Tex. Feb. 27, 2007) (findings, conclusions, and recommendation of Mag. J. accepted by District Court); *Robinson v. Dretke*, No. 3:03-CV-2838-B, 2005 WL 1249485, at *4 (N.D. Tex. May 25, 2005) (findings, conclusions, and recommendation of Mag. J.), *accepted by* 2005 WL 1429606 (N.D. Tex. June 17, 2005); *Whitten v. Cockrell*, No. 3:01-CV-1487-D, 2003 WL 21509163, at *7-8 (N.D. Tex. Apr. 11, 2003) (findings, conclusions, and recommendation of Mag. J. accepted by District Court). Consequently, a "totality of the circumstances" standard determines whether a "plea of true to alleged probation violations is voluntary and intelligent." *Whitten*, 2003 WL 21509163, at *8. Nothing of record indicates that petitioner involuntarily pled true.

No. 3:06-CV-0237-P, 2007 WL 2890372, at *8 (N.D. Tex. Sept. 28, 2007) (accepting recommendation of Mag. J.). On the facts presented in this case, the Court finds no improper revocation of petitioner's probation. This claim entitles petitioner to no federal habeas relief.

## C. Illegal Sentence

Petitioner asserts that his fifteen-year sentence for injury to a child is illegal because he had been on ten years probation and his "sentence was enhanced." (Pet. at 7.) He suggests that his sentence was enhanced because his attorney initially informed him that the District Attorney was recommending five years. (Reply at 2-3.) He argues that fifteen years is "high" for a case with no physical evidence. (*Id.* at 3.) He submits that most first-time offenders are sentenced for two years. (*Id.*)

As shown by the indictment, petitioner's sentence for his injury offense was not subject to any enhancement paragraph. S.H. Tr.-02 at 40. That the District Attorney may have mentioned recommending five years does not preclude a fifteen year sentence after revocation of petitioner's probation. Petitioner's injury offense is a first degree felony which carried a sentencing range of five years to life imprisonment. *See* Tex. Penal Code §§ 12.32(a); 22.04(a)(1), (e) (Vernon 2003). In general, when a sentence does not exceed the maximum sentence allowed by law, it is not imposed in violation of law. *United States v. Pena*, 125 F.3d 285, 286-87 (5th Cir. 1997); *United States v. Green*, 162 Fed. App'x 283, 284 (5th Cir. 2006) (per curiam). Nevertheless, the Supreme Court has clearly established that the Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits "sentences for terms of years" that are "grossly disproportionate" to the offense. *See Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). Although a sentence assessed within statutory limits is not *generally* excessive, cruel, or unusual, the "narrow proportionality principle" within the Eighth Amendment's prohibition on cruel and unusual punishments provides a very limited exception to the general rule. *See Ewing v. California*, 538 U.S. 11, 20 (2003) (citing *inter alia Harmelin v. Michigan*, 501 U.S. 957, 996-97 (1991) (Kennedy, J., concurring in part and concurring in judgment)). The "gross disproportionality principle" is "applicable only in the 'exceedingly rare' and 'extreme'

case." *Lockyer*, 538 U.S. at 73. In assessing the proportionality of the sentence, the courts "first address the gravity of the offense compared to the harshness of the penalty." *Ewing*, 538 U.S. at 28.

In this instance, petitioner pled guilty to intentionally and knowingly causing serious bodily injury to a child by exposing the child to hot water. The applicable Texas statutes provide for a greater punishment range due to the serious bodily injury component. Petitioner was sentenced to the low end of the range of punishment for such offense. Although petitioner contends that he did not intentionally hurt the child, he judicially confessed that he intentionally and knowingly caused serious bodily injury to the child with hot water. In his state application for writ of habeas corpus he states that the water was hot enough to blister the child's feet. These facts support the imposition of the fifteen year sentence. The imposed punishment is not grossly disproportionate to the offense. The facts of this case do not present the exceedingly rare and extreme case where the disproportionality principle applies. This claim entitles petitioner to no habeas relief.

## VII. CONVICTION FOR INDECENCY WITH A CHILD

Petitioner contends that as to his indecency offense, his plea was rendered involuntary due to ineffective assistance of counsel (Claim 1) and his sentence is illegal (Claim 3).

## A. Involuntary Plea/Ineffective Assistance of Counsel

Petitioner asserts that his guilty plea was involuntary because his attorney rendered ineffective assistance when he (1) erroneously advised petitioner that his indecency case was not a 3g offense[12] and that petitioner would probably obtain parole in five years, (2) advised him to take a fifteen year plea that had been offered before his appointment as counsel because the judge would give thirty years if he went to trial, and (3) stated that the trial court had records of Child Protective Services (CPS) that it would review *in camera* whereas the attorney stated in his habeas affidavit that the attorney had obtained the records for the court. (Pet. at 7 and attached pages.)

As previously discussed, a petitioner may challenge his guilty plea based upon ineffective assistance of counsel. Petitioner raised claims of involuntary plea and ineffective assistance of coun-

---

[12] The reference to "3g" likely refers to Tex. Code Crim. Proc. art. 42.12 § 3g.

sel in his state application for writ of habeas corpus. *See* S.H. Tr.-01 at 7, 11. The trial court obtained an affidavit in which petitioner's former attorney averred that he did not erroneously advise petitioner regarding his sentence and its ramifications on parole or advise petitioner to plead guilty with any statement that the judge would give thirty years. *See id.* at 30, 35. He denied telling petitioner that the offense did not qualify as a 3g offense or that he would be released in five years under the plea agreement. *Id.* With respect to the reference to thirty years imprisonment, counsel explained that he recalled that the prosecutor stated that he would seek to stack the two fifteen-year sentences for petitioner's two offenses should petitioner be found guilty of the indecency offense at trial and have his probation revoked in the injury case. *Id.* at 34. The trial court found counsel "trustworthy" and the statements in his affidavit "worthy of belief." *See id.* at 30. It further found that petitioner had not shown that his plea was rendered involuntary due to ineffective assistance of counsel. *See id.* at 31. The Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus on the findings of the trial court. *See Ex parte White*, No. 62,724-01, slip op. at 1 (Tex. Crim. App. Aug. 31, 2005).

Based upon the attorney's affidavit, it appears that counsel rendered effective representation with respect to the advice given to petitioner. The trial court found the attorney credible. The credibility finding is presumed correct unless petitioner rebuts it with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner has not shown clear and convincing evidence which overcomes that presumption. Nor has he overcome the strong presumption that counsel's conduct falls within the wide range of reasonable assistance. The Court thus finds that counsel did not render deficient representation related to advising petitioner to plead guilty and advising him regarding his sentence and parole issues. The first two alleged deficiencies of counsel do not entitle petitioner to federal habeas relief.

With respect to the alleged deficiency of counsel regarding the CPS records, petitioner has not shown how the alleged deficiency impacted his decision to plead guilty. Unless the alleged deficiency prejudiced petitioner, it entitles him to no federal habeas relief. Petitioner, however, has

shown no reasonable probability that, but for the alleged deficiency regarding the CPS records, he would have pleaded not guilty and insisted on going to trial. Consequently, the third alleged deficiency provides no basis for habeas relief.

Because petitioner has shown no ineffective assistance of counsel related to his indecency offense, he is entitled to no habeas relief on such claim and the claimed ineffective assistance does not render his plea involuntary.

## B.  Illegal Sentence

Petitioner asserts that his fifteen-year sentence for indecency with a child is illegal because he had no prior sex offense and he received fifteen years based on no actual evidence for an offense that carries a range of two to twenty years incarceration. (Pet. at 7.) By his voluntary plea of guilty to the indecency offense, petitioner waived the right to demand any evidence to sustain the conviction. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986). Petitioner, furthermore, judicially confessed to committing the offense. S.H. Tr.-01 at 45. The alleged lack of actual evidence does not make the sentence illegal. The lack of a prior sex offense likewise does not make the sentence illegal. The Texas legislature established a two to twenty year sentencing range for first time offenders. Additionally, because petitioner negotiated the fifteen-year sentence in exchange for pleading guilty, he cannot reasonably argue that the sentence is illegal under a proportionality principle. The sentence not only falls within the permissible range set by the Texas legislature, but it does not appear grossly disproportionate under the facts of this case. For all of these reasons, this claim entitles petitioner to no federal habeas relief.

## VIII.  MOTION FOR JUDGMENT OF ACQUITTAL

Petitioner recently moved for judgment for acquittal based upon insufficiency of the evidence to support his convictions. (*See* Mot. J. Acquittal at 1-3.) He wants this Court to reverse his state convictions, impose a sentence of "time served", and order his immediate release. (*Id.* at 3.) As already mentioned, the motion is based upon federal cases involving Fed. R. Crim. P. 29. However, the Federal Rules of Criminal Procedure have no applicability in this federal habeas proceeding in

23

which petitioner challenges his state convictions. For that reason alone, the motion should be denied. In addition, the analysis of petitioner's habeas claims show that he is not entitled to federal habeas relief, and is thus not entitled to acquittal or immediate release.

## IX. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## X. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. It is further **RECOMMENDED** that the Court **DENY** petitioner's motion for judgment of acquittal received April 15, 2008.

**SIGNED this 12th day of May, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE